UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OREGON MUTUAL INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br>　v.<br>SHARON REED,<br>　　　　　　Intervenor,<br>　and<br>INTERNATIONAL LUCKY BUFFET, INC.,<br>　　　　　　Defendant. | C17-1814 TSZ |
| SHARON REED,<br><br>　　　　　　Plaintiff,<br>　v.<br>OREGON MUTUAL INSURANCE COMPANY,<br>　　　　　　Defendant. | C21-1187 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a motion to intervene and vacate default judgment brought in Case No. C17-1814, docket no. 25, by Sharon Reed, and a motion for summary judgment brought in Case No. C21-1187, docket no. 11, by Oregon Mutual Insurance Company ("Oregon Mutual"). Having reviewed all papers filed in support of, and in opposition to, each motion, the Court enters the following order.

ORDER - 1

**Discussion**

A.     **Motion to Intervene and Vacate Default Judgment**

Sharon Reed was injured on September 24, 2014, while a patron at the now defunct International Lucky Buffet restaurant, which was operated by International Lucky Buffet, Inc. ("ILBI").  See Findings of Fact and Conclusions of Law ("FF&CL"), Ex. 2 to Twersky Decl. (C17-1814, docket no. 26 at 14–19).  After a bench trial, judgment was entered on March 14, 2019, in favor of Reed and against ILBI, in the amount of $175,000, with interest accruing at the rate of 7.25% per annum.  FF&CL at 6, ¶ 6 (C17-1814, docket no. 26 at 19); Judgment (C17-1814, docket no. 26 at 12-13).  At a public auction conducted on August 21, 2019, Reed acquired ILBI's rights under Policy No. BSP 714850, which was issued by Oregon Mutual and which was in effect from August 24, 2014, until August 24, 2015.  See Ex. 9 to Twersky Decl. (C17-1814, docket no. 26 at 52–57).

Oregon Mutual, however, had obtained, on June 28, 2018, default judgment against ILBI, declaring that Oregon Mutual had no duty to defend ILBI with respect to the suit brought by Reed in Snohomish County Superior Court and had no duty to indemnify ILBI under Policy No. BSP 714850.  Order (C17-1814, docket no. 20).  To obtain default judgment, Oregon Mutual represented to the Court, under oath, that it did not have valid contact information for ILBI's registered agent, Liang Bin Lin.  See Supp. Br. at 2 (C17-1814, docket no. 16); Davenport Decl. at ¶¶ 3–5 (C17-1814, docket no. 17); Anderson Decl. at ¶¶ 2–3 (C17-1814, docket no. 18); Davenport Decl. at ¶¶ 3–6 (C17-1814, docket no. 19).  Thus, before securing default judgment, Oregon Mutual

ORDER - 2

never effected service on ILBI's registered agent, relying instead on having provided certain "legal documents" to the Washington Secretary of State pursuant to RCW 23B.18.040 and/or RCW 23.95.450.  See Letter (C17-1814, docket no. 5).

After default judgment was entered, Oregon Mutual disclosed that its earlier statements were false and that Liang Bin Lin's then-current mailing address had been provided in his deposition in February 2018, a transcript of which had been reviewed by Oregon Mutual before it moved for default judgment.  See Status Report at 2 (C17-1814, docket no. 21); Anderson Decl. at ¶¶ 2–3 (C17-1814, docket no. 23); see also Ex. 7 to Twersky Decl. (docket no. 26 at 41–46).  Citing this misrepresentation by Oregon Mutual, Reed now seeks to intervene and vacate the default judgment against ILBI.

Reed's motion, docket no. 25 in C17-1814, has merit.  Reed was a proper and arguably necessary party to the declaratory judgment action commenced by Oregon Mutual against ILBI.  See Trinity Universal Ins. Co. v. Willrich, 13 Wn.2d 263, 271, 124 P.2d 950 (1942) ("Whenever the question has arisen, . . . it has been held that third party damage claimants . . . are proper, and in some case even necessary, parties to the declaratory action."); see also Colony Ins. Co. v. Vantaggio Farming Corp., No. 1:17-cv-714, 2017 WL 3478998, at *4 (E.D. Cal. Aug. 14, 2017) ("The majority of courts have held under Rule 19(a) that an injured party 'generally is a necessary party in a declaratory judgment action brought to determine the insurance coverage for the claim.'").  Oregon Mutual, however, failed to join Reed in the declaratory judgment action, and Reed will now be permitted to intervene.  See Fed. R. Civ. P. 19(a) & 24.

ORDER - 3

1    Oregon Mutual was not entitled to rely, for purposes of obtaining default judgment
2 against ILBI, on service made by leaving documents with the Washington Secretary of
3 State.  The Secretary of State is deemed an agent of a business entity only if service
4 cannot be made in one of the three ways specified in RCW 23.95.450, which include
5 serving the registered agent.  See RCW 23.95.450(1)–(4).  Because ILBI's registered
6 agent could have been, but was not served, before entry of default judgment, the
7 Judgment entered June 28, 2018, docket no. 20 in C17-1814, must be vacated.  See Fed.
8 R. Civ. P. 60(b)&(d).[1]  The Court further notes that such judgment was not, in any event,
9 binding on Reed in her own capacity.  See Westchester Fire Ins. Co. v. Mendez, 585 F.3d
10 1183, 1189 (9th Cir. 2009) ("A default entered against an insured policyholder . . . should
11 not prevent an injured third party . . . from proceeding on its own behalf.").

**B.    Motion for Summary Judgment**

Reed, as owner of ILBI's rights in the insurance policy at issue, separately sues Oregon Mutual for breach of contract, bad faith, violation of Washington's Insurance Fair Conduct Act, and violation of Washington's Consumer Protection Act.  See Complaint (C21-1187, docket no. 1-2).  Oregon Mutual has moved for summary judgment as to all claims, arguing that an injured person like Reed cannot sue the tortfeasor's insurer directly and that Reed's claims are barred by res judicata or collateral estoppel or by

---

[1] Contrary to Oregon Mutual's assertion, Reed's motion to intervene and vacate default judgment was "timely" under Rule 24 and made within a "reasonable time," as required by Rule 60(c)(1), in that it was filed almost contemporaneously with Reed's response to Oregon Mutual's motion for summary judgment in Case No. C21-1187.  In light of the Court's rulings, Reed's request, docket no. 30, to strike Oregon Mutual's response, docket no. 28, to her motion to intervene and vacate default judgment, based on over-length, is STRICKEN as moot.

ORDER - 4

ILBI's failure to assert them as compulsory counterclaims.  Oregon Mutual's contentions lack merit.  Reed may directly sue Oregon Mutual because she acquired ILBI's rights in Policy No. BSP 714850 by successfully bidding for them at a public auction conducted by the Snohomish County Sheriff.  Reed, standing in ILBI's shoes, faces no res judicata, collateral estoppel, or compulsory counterclaim preclusions because Oregon Mutual failed to properly serve IBLI in the declaratory judgment action and the related Judgment is void.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Reed's motion, docket no. 25 in C17-1814, is GRANTED as follows:  Reed is permitted to intervene in Case No. C17-1814, and the Judgment entered June 28, 2018, docket no. 20 in C17-1814, is hereby VACATED.

(2) The Clerk is DIRECTED to reopen Case No. C17-1814 TSZ.

(3) Oregon Mutual's motion for summary judgment, docket no. 11 in C21-1187, is DENIED.

(4) The parties are DIRECTED to show cause within fourteen (14) days why Case Nos. C17-1814 and C21-1187 should not be consolidated into the lower-numbered matter, with a trial date in February 2023, as proposed in the Joint Status Report filed January 11, 2022 (C21-1187, docket no. 19).

(5) The Clerk is further DIRECTED to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 19th day of January, 2022.

                                                */s/ Thomas S. Zilly*

Thomas S. Zilly
United States District Judge

ORDER - 6